UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Danny R.M., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Sirce Owen, *Acting Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Samuel Olson, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Joel Brott, *Sheriff of Sherburne County*, <br><br> Respondents. | Civ. No. 25-3689 (JWB/DTS) <br><br><br> ORDER ON <br> MOTION FOR TEMPORARY <br> RESTRAINING ORDER |

Cameron Lane Youngs Giebink, Esq., David L. Wilson, Esq., and Lee Anne Koller Mills, Esq., Wilson Law Group, counsel for Petitioner.

Ana H. Voss, Esq., and Lucas B. Draisey, Esq., United States Attorney's Office, counsel for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Sirce Owen, Executive Office for Immigration Review, and Samuel Olson.

Petitioner Danny R.M. is a Mexican native who entered the United States without inspection in 2022 and was arrested by Respondents on September 9, 2025. (*See* Doc. No. 1 ¶¶ 33–36; Doc. No. 6 at 2.) He has since remained in custody and was not given a bond hearing. (*See* Doc. No. 1 ¶ 37; Doc. No. 6 at 1.) He claims Respondents have wrongfully detained him pursuant to the mandatory detention provisions under 8 U.S.C.

§ 1225(b)(2) and that the discretionary detention provisions under 8 U.S.C. § 1226(a)—which include a bond hearing—properly govern his case.

Petitioner now seeks a temporary restraining order ("TRO") that bars his transfer out of this District while his petition is pending and requires Respondents to provide him a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within 7 days. (Doc. No. 4.) For the reasons below, Petitioner's motion is granted in part.

## DISCUSSION

### I. Legal Standard

Courts weigh four factors when considering a motion for a TRO: the likelihood of success on the merits, the threat of irreparable harm, the balance of harms, and the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). Where, as here, the Government is the opposing party, the last two factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

### II. Analysis

#### A. Likelihood of Success on the Merits

The likelihood of success factor requires Petitioner to show he has a fair chance of prevailing on his claims. *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1343 (8th Cir. 2024). It is not a decision on whether he will ultimately win. *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007). To obtain relief, Petitioner must satisfy this factor on at least one of his claims. *See United Healthcare Ins. v. AdvancePCS*, 316 F.3d 737, 742–43 (8th Cir. 2002).

Petitioner joins a growing collection of habeas petitioners who challenge

Respondents' recent practice of treating noncitizens who arrived without inspection but have remained in the United States for multiple years as "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225. He argues that the text, structure, legislative history, and past agency interpretation of the statutes all indicate that § 1225 applies to noncitizens seeking to enter the country and § 1226 applies to noncitizens already in the country. Nearly every district court considering this issue, including in this District, has sided with Petitioner's reading. (*See* Doc. No. 6 at 9–11 (collecting cases).)

Although Petitioner offers few specifics about his arrival to the United States, his continued presence in the country, and his recent arrest and immigration proceedings, he alleges enough to show that his case is substantially similar to the recent others presenting the same legal questions and agreeing with his position. Therefore, this factor weighs strongly in Petitioner's favor.

### B.  Irreparable Harm

The risk of irreparable harm here is clear. If Petitioner is transferred or removed from this District before this Court can adjudicate his claims, judicial review will be impeded and perhaps lost altogether. *See Mohammed H. v. Trump*, Civ. No. 25-1576 (JWB/DTS), 2025 WL 1170448, at *4 (D. Minn. Apr. 22, 2025) ("Once a petitioner is removed from the jurisdiction of the detaining court, access to counsel may be severed, the custodian may no longer be subject to the Court's authority, and the petitioner's ability to participate meaningfully in litigation may be impaired or lost completely.").

Deportation out of the country is not a harm that can later be unwound. The Eighth Circuit is clear that even temporary deprivations of constitutional rights constitute

irreparable injury. *Ng v. Bd. of Regents*, 64 F.4th 992, 998 (8th Cir. 2023). And loss of liberty is a quintessential example of irreparable harm. *Matacua v. Frank*, 308 F. Supp. 3d 1019, 1025 (D. Minn. 2018).

      **C.**      **Balance of Harms, Public Interest**

The Court discerns no prejudice to Respondents from maintaining the status quo until Petitioner's habeas petition is decided on the merits. However, removing Petitioner from this District would further limit his access to counsel, which would in turn diminish his ability to effectively present his claims. *Escalante v. Bondi*, Civ. No. 25-3051 (ECT/DJF), 2025 WL 2212104, at *2 (D. Minn. July 31, 2025), *R&R adopted*, 2025 WL 2235056 (D. Minn. Aug. 5, 2025). The balance of harms tilts toward Petitioner.

The public interest always favors preventing unlawful detention and preserving meaningful judicial review. The Constitution requires nothing less.

Given these considerations, immediate intervention is necessary. Petitioner's motion is granted to the extent that it seeks to prevent his removal from this District. The bond hearing request is denied because it is intertwined with part of Petitioner's ultimate relief (a declaration that § 1226 governs his detention), which is generally not properly awarded through a TRO. *See Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

    1.    Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 4) is **GRANTED IN PART**.

2. Respondents, or any person acting in concert with Respondents, shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of this Court (the District of Minnesota) pending further court order.

3. A bond under Fed. R. Civ. P. 65(c) is not necessary here because the TRO seeks to prevent ongoing constitutional and statutory violations, Petitioner is detained and unable to post a bond, and the Government faces no identifiable risk of monetary loss. A bond is also not warranted given that this matter is closely intertwined with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

4. This Order shall remain in effect for 14 days from the date of entry, unless extended by further court order under Federal Rule of Civil Procedure 65(b)(2).

Date: September 19, 2025  
Time: 4:29 p.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge